1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVENGER TECHNOLOGIES, INC., <br>       Plaintiff, <br>     v. <br> ENSERVIO, INC., <br>       Defendant. | Case No. 2:13-cv-04828-FMO-MAN <br> **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| ENSERVIO, INC., <br>       Counter-Claimant, <br>     v. <br> INVENGER TECHNOLOGIES, INC. and RAVI CHERUKURU, <br>       Counter-Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation Regarding Protective Order and [Proposed] Stipulated Protective Order ("Stipulation") filed on December 3, 2013, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 2.10, 2.11, 3, 5.2(a), 5.2(b), 13, and 14.4 of,

1

and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## <u>TERMS OF PROTECTIVE ORDER</u>

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action **may** involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties **have** stipulate**d** to and petition**ed** the **C**ourt to enter **this** Protective Order. The parties acknowledge that this **Protective** Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. **DEFINITIONS**

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this **Protective** Order.

3

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record  (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who:  (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action,; (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories that define or otherwise describe in detail the algorithms or structure of software or hardware

1 designs, disclosure of which to another Party or Non-Party would create a

2 substantial risk of serious harm that could not be avoided by less restrictive means.

3    2.9    Non-Party:  any natural person, partnership, corporation, association, or

4 other legal entity not named as a Party to this action.

5    2.10    Party:  any **P**arty to this action, including all of its officers, directors,

6 employees, consultants, retained experts, and Outside Counsel of Record (and their

7 support staffs).

8    2.11    Outside Counsel of Record:  attorneys who are not employees of a

9 **P**arty to this action but are retained to represent or advise a **P**arty to this action and

10 have appeared in this action on behalf of that **P**arty or are affiliated with a law firm

11 which has appeared on behalf of that **P**arty.

12    2.12    Producing Party:  a Party or Non-Party that produces Disclosure or

13 Discovery Material in this action.

14    2.13    Professional Vendors:  persons or entities that provide litigation

15 support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

16 demonstrations, and organizing, storing, or retrieving data in any form or medium)

17 and their employees and subcontractors.

18    2.14    Protected Material:  any Disclosure or Discovery Material that is

19 designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

20 ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE

21 CODE."

22    2.15    Receiving Party:  a Party that receives Disclosure or Discovery

23 Material from a Producing Party.

24 **3.    SCOPE**

25    The protections conferred by this **Protective** Order cover not only Protected

26 Material (as defined above), but also:  (1) any information copied or extracted from

27 Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

28 Material; and (3) any **deposition** testimony, conversations, or presentations by

1  Parties or their Counsel that might reveal Protected Material.  However, the

2  protections conferred by this **Protective** Order do not cover the following

3  information:  (a) any information that is in the public domain at the time of

4  disclosure to a Receiving Party or becomes part of the public domain after its

5  disclosure to a Receiving Party as a result of publication not involving a violation of

6  this **Protective** Order, including becoming part of the public record through trial or

7  otherwise; and (b) any information known to the Receiving Party prior to the

8  disclosure or obtained by the Receiving Party after the disclosure from a source who

9  obtained the information lawfully and under no obligation of confidentiality to the

10  Designating Party.  Any use of Protected Material at trial shall be governed by a

11  separate agreement or order.

**4.      DURATION**

12

13          Even after final disposition of this litigation, the confidentiality obligations

14  imposed by this **Protective** Order shall remain in effect until a Designating Party

15  agrees otherwise in writing or a court order otherwise directs.  Final disposition shall

16  be deemed to be the later of**:**  (1) dismissal of all claims and defenses in this action,

17  with or without prejudice; and (2) final judgment herein after the completion and

18  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

19  including the time limits for filing any motions or applications for extension of time

20  pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

21

22          5.1     Exercise of Restraint and Care in Designating Material for Protection.

23          If it comes to a Designating Party's attention that information or items that it

24  designated for protection do not qualify for protection at all or do not qualify for the

25  level of protection initially asserted, that Designating Party must promptly notify all

26  other parties that it is withdrawing the mistaken designation.

27          5.2     Manner and Timing of Designations.  Except as otherwise provided in

28  this **Protective** Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as

6

otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this **Protective** Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this **Protective** Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party **who or which** makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this **Protective** Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     for testimony given in **a** deposition that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of **the deposition** testimony that is entitled to protection**,** and it appears that substantial portions of the **deposition** testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the **deposition** testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the **deposition** testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards**,** if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other **P**arties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at th**e deposition or take appropriate steps to secure the safeguarding, to the extent, if any, permitted by law, of the Protected Material during any hearing or other proceeding.**  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Deposition t**ranscripts containing Protected Material shall have an obvious legend on the title page that the **deposition** transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall

inform the court reporter of these requirements.  Any **deposition** transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the **deposition** transcript shall be treated only as actually designated.

        (c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place**,** on the exterior of the container or containers in which the information or item is stored**,** the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

       5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this **Protective** Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this **Protective** Order.

**6.**    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

       6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order and explain the Challenging Party's basis for its belief that the confidentiality designation was not proper.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention.</u>  If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties shall continue to afford the

1 material in question the level of protection to which it is entitled under the

2 Producing Party's designation until the **C**ourt rules on the challenge.

3 **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

4        7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

5 disclosed or produced by another Party or by a Non-Party in connection with this

6 case only for prosecuting, defending, or attempting to settle this litigation.  Such

7 Protected Material may be disclosed only to the categories of persons and under the

8 conditions described in this **Protective** Order.  When the litigation has been

9 terminated, a Receiving Party must comply with the provisions of section 15 below

10 (FINAL DISPOSITION).

11        Protected Material must be stored and maintained by a Receiving Party at a

12 location and in a secure manner that ensures that access is limited to the persons

13 authorized under this **Protective** Order.

14        7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

15 otherwise ordered by the **C**ourt or permitted in writing by the Designating Party, a

16 Receiving Party may disclose any information or item designated

17 "CONFIDENTIAL" only to:

18             (a)    the Receiving Party's Outside Counsel of Record in this action,

19 as well as employees of said Outside Counsel of Record to whom it is reasonably

20 necessary to disclose the information for this litigation;

21             (b)    the officers, directors, and employees of the Receiving Party

22 (including in-house counsel) to whom disclosure is reasonably necessary for this

23 litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

24 (Exhibit A);

25             (c)    Experts (as defined in this **Protective** Order) of the Receiving

26 Party to whom disclosure is reasonably necessary for this litigation and who have

27 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28             (d)    the **C**ourt and its personnel;

(e)     court reporters and their staff, professional jury, or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts of the Receiving Party:  (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c)     the Court and its personnel;

(d)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this **Protective** Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that:  (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert; (2) sets forth the full name of the Expert and the city and state of his or her primary residence; (3) attaches a copy of the Expert's current resume; (4) identifies the Expert's current employer(s); (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years; and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party **who or which** makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party **who or which** receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel, a neutral secure location in the city of the Receiving Party's choice (at the Receiving Party's expense) or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  If the Producing Party chooses to monitor the activities of the Receiving Party's representatives during review, the Producing Party shall provide the Receiving Party's representatives a private and unmonitored location away from the source code computer to confer and contact offsite personnel.

(d)     The Receiving Party may request copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.  Such source code shall be produced on two identical, password-protected, non-copyable discs. The Receiving Party shall maintain all copies of source code in a secured, locked area and shall maintain a record of any individual who has access to the discs. Except as provided below, the Receiving Party shall not print or otherwise copy the source code.  The Receiving Party may print paper copies or make electronic copies

1   of limited excerpts of source code only if such additional copies are**:**  (1) necessary

2   to prepare court filings, pleadings, or other papers (including a testifying expert's

3   expert report)**;** (2) necessary for deposition**;** or (3) otherwise necessary for the

4   preparation of its case.  Any paper copies used during a deposition shall be retrieved

5   by the Producing Party at the end of each day and must not be given to or left with a

6   court reporter or any other individual.

7   **9.**      **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

8           **PRODUCED IN OTHER LITIGATION**

9         If a Party is served with a subpoena or a court order issued in other litigation

10  that compels disclosure of any information or items designated in this action as

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

13          (a)    promptly notify in writing the Designating Party.   Such

14  notification shall include a copy of the subpoena or court order;

15          (b)    promptly notify in writing the party who caused the subpoena or

16  order to issue in the other litigation that some or all of the material covered by the

17  subpoena or order is subject to this Protective Order.  Such notification shall include

18  a copy of this Protective Order; and

19          (c)    cooperate with respect to all reasonable procedures sought to be

20  pursued by the Designating Party whose Protected Material may be affected.

21        If the Designating Party timely seeks a protective order, the Party served with

22  the subpoena or court order shall not produce any information designated in this

23  action as "CONFIDENTIAL**,**" "HIGHLY CONFIDENTIAL – ATTORNEYS'

24  EYES ONLY**,**" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a

25  determination by the **C**ourt from which the subpoena or order issued, unless the

26  Party has obtained the Designating Party's permission.  The Designating Party shall

27  bear the burden and expense of seeking protection in that court of its confidential

28  material**.  N**othing in these provisions should be construed as authorizing or

16

1  encouraging a Receiving Party in this action to disobey a lawful directive from
2  another court.

3  **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
4  **PRODUCED IN THIS LITIGATION**

5           (a)    The terms of this **Protective** Order are applicable to information
6  produced by a Non-Party in this action and designated as "CONFIDENTIAL**,**"
7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**,**" or "HIGHLY
8  CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties
9  in connection with this litigation is protected by the remedies and relief provided by
10 this **Protective** Order.  Nothing in these provisions should be construed as
11 prohibiting a Non-Party from seeking additional protections.

12          (b)    In the event a Party is required, by a valid discovery request, to
13 produce a Non-Party's confidential information in its possession, and the Party is
14 subject to an agreement with the Non-Party not to produce the Non-Party's
15 confidential information, then the Party shall:

16                 1.    promptly notify in writing the Requesting Party and the
17 Non-Party that some or all of the information requested is subject to a
18 confidentiality agreement with a Non-Party;

19                 2.    promptly provide the Non-Party with a copy of the
20 Protective Order in this litigation, the relevant discovery request(s), and a
21 reasonably specific description of the information requested; and

22                 3.    make the information requested available for inspection by
23 the Non-Party.

24          (c)    If the Non-Party fails to object or seek a protective order from
25 this **C**ourt within 14 days of receiving the notice and accompanying information, the
26 Receiving Party may produce the Non-Party's confidential information responsive
27 to the discovery request.  If the Non-Party timely seeks a protective order, the
28 Receiving Party shall not produce any information in its possession or control that is

subject to the confidentiality agreement with the Non-Party before a determination by the Court.   Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. **Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.**

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately**:**  (a) notify in writing the Designating Party of the unauthorized disclosures**;** (b) use its best efforts to retrieve all unauthorized copies of the Protected Material**;** (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this **Protective** Order**;** and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production in discovery of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including**,** but not limited to**,** the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof provided that the Producing Party shall promptly provide notice to the Receiving Party in writing when inadvertent production is discovered.  Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, such information shall promptly either be destroyed with confirmation of its destruction provided to the Producing Party or returned to counsel for the Producing Party.  Compliance with

the terms of this paragraph will not constitute a waiver of the **R**eceiving **P**arty's right to challenge the assertion of privilege.

## 13.    MATERIALS EXCLUDED FROM DISCOVERY

**Absent further Court order, t**he following materials will be excluded from discovery in this case:  **E**xpert witnesses' notes, drafts, and communications with counsel, with the exception that the parties shall be entitled to seek discovery regarding the substance of any legal or factual assumptions the **E**xperts made, or materials the **E**xperts considered, referred to, or relied upon, in the course of forming their opinions.  Other materials considered by any **E**xpert witness in forming his or her opinions are not affected by this paragraph.

## 14.    MISCELLANEOUS

14.1    <u>Right to Further Relief</u>.  Nothing in this **Protective** Order abridges the right of any person to seek its modification by the **C**ourt in the future.

14.2    <u>Right to Assert Other Objections</u>.  By **having** stipula**ted** to the entry of this Protective Order**,** no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a **C**ourt order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

1  with **Local Rule 79-5, this Protective Order, and any other** applicable Court

2  requirements to do so.

3      14.5   <u>Source's Use of Own Information</u>.  Nothing in this **Protective** Order

4  shall prevent a Source from using or disclosing its own information as it deems

5  appropriate.  Any such disclosure by a Source shall not impair the confidentially

6  obligations imposed upon all other parties and person**s** subject to this **Protective**

7  Order.

8  ///

9  ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**15.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that**:**  (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed**;** and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries**,** or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED**.

Dated:  December 26, 2013

_____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

21

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court

for the Central District of California on December 26, 2013, in the case of *Invenger*

*Technologies, Inc. vs. Enservio, Inc.*; Civil Case No. 2:13-cv-04828-FMO(MANx).

I agree to comply with and to be bound by all the terms of this Protective Order, and

I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Protective

Order to any person or entity except in strict compliance with the provisions of this

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Protective Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____ [print or type full

name] of _____ [print or

type full address and telephone number] as my California agent for service of

process in connection with this action or any proceedings related to enforcement of

this Protective Order.

Date: _____, 20___

_____ (City and State where sworn and signed)

Printed name: _____

Signature: _____

1